**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CITIMORTGAGE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Cause No. 4:10-CV-1497 HEA |
| MORTGAGE CAPITAL ASSOCIATES, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PROTECTIVE ORDER UNDER RULE 26(c)**
**AS TO ALL CONFIDENTIAL, PROPRIETARY, COMMERCIALLY SENSITIVE,**
**TRADE SECRET, AND PRIVILEGED INFORMATION**

It appearing to the Court that a Protective Order under Federal Rule of Civil Procedure 26(c) is necessary, appropriate, and will facilitate discovery, and that all parties hereto so agree, IT IS HEREBY ORDERED THAT:

1.    Introduction and Scope.

This action involves, among other things, residential mortgage loan applications, and as such may require the disclosure of consumers' personal financial data and related information. This Protective Order shall protect against the disclosure of such confidential and private information that should be not publicly available and shall govern any designated record or information produced in this action, including all designated motions and other papers submitted to the Court, all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents, subpoenas, or other formal method of discovery.

2.    Designation.

Each party shall have the right to designate as confidential and subject to this Protective Order any thing, information, document, or portion of any document produced or prepared by it in this litigation which the producing party deems to contain trade secrets, know-how, proprietary data, commercially sensitive, or other confidential information, including without limitation, technical, sales, marketing, underwriting, employee, business, financial, privacy, and other proprietary information ("Confidential Information"). This designation shall be made by stamping each page of a document containing Confidential Information with the legend CONFIDENTIAL, at or before production to the receiving party. In the event a party inadvertently produces Confidential Information without such legend, that party shall promptly furnish written notice to the receiving party that the Confidential Information is designated CONFIDENTIAL under this Protective Order along with appropriately labeled copies of the Confidential Information. Such post-production designation of Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of the right to assert confidentiality or of the protections of this Protective Order, and shall not entitle the receiving party or its attorneys to disclose such information in violation of this Protective Order. Any Confidential Information not reduced to documentary, electronic, tangible, or physical form, or which cannot be easily stamped may be designated by providing written notice of such designation and the designation of any storage media shall extend to the contents of such storage media. Materials provided for inspection by a party's counsel need not be designated as Confidential Information until copies of the materials are requested after inspection and selection by counsel. Making Confidential Information available for inspection shall not constitute a waiver of any claim of confidentiality, or privilege, and all materials provided for inspection by a

2

party's counsel shall be treated as though designated as CONFIDENTIAL at the time of the inspection.

       3.     <u>Limit on Use of Confidential Information</u>.

Each party and all persons bound by the terms of this Protective Order shall use any Confidential Information governed by this Protective Order only for the purpose of prosecution, defense, or settlement of the captioned action; no party or other person shall use any Confidential Information governed by this Protective Order for any purpose other than the prosecution, defense, or settlement of the captioned action.

       4.     <u>"Confidential" Material</u>.

Except as otherwise provided by written stipulation of the parties, or by further order of the Court, Confidential Information designated as CONFIDENTIAL shall only be disclosed by the receiving party on a need-to-know basis (i.e., for the purposes set forth in Paragraph 3 infra) and only to:

           a.     Attorneys who represent the receiving party, including outside litigation and in-house counsel, and employees of such attorneys or law firms with which such attorneys are associated, but only for purposes of this proceeding;

           b.     Experts (whether acting as testifying experts or non-testifying consultants) and their staff retained by the receiving party for the purpose of providing advice, an expert opinion and/or testifying at the trial at this matter, and subject to Paragraph 6, supra;

           c.     Non-parties specifically retained to assist the attorneys of record or a party in copying or computer coding of documents, organizing, filing,

translating, converting, storing or retrieving data, or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system, but only for purposes of performing such services in connection with this litigation;

d.     The Court and Court personnel as provided in Paragraph 10 supra; and

e.     The parties to this action, but only for purposes of this proceeding.

5.     Identification of Experts.

A party desiring to disclose Confidential Information designated as CONFIDENTIAL to outside experts (whether acting as testifying experts or non-testifying consultants) under Paragraph 4, infra ("Disclosing Party") shall first obtain from each expert a signed undertaking in the form of Exhibit A hereto.

6.     Related Documents.

Confidential Information designated CONFIDENTIAL shall include (a) all copies, extracts, and complete or partial summaries prepared from such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such information, copies, extracts, or summaries of it; (c) portions of affidavits, briefs, memoranda, or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such information, copies, extracts, or summaries of it; (d) deposition testimony designated in accordance with Paragraph 7, supra; and (e) testimony taken at a hearing or other proceeding that is designated in accordance with Paragraph 8, supra.

7.    Designation of Deposition Transcripts.

Deposition transcripts, or portions thereof, as well as exhibits that have not otherwise been designated pursuant to this Protective Order may be designated as subject to this Protective Order either:

a.    At the time of such deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked CONFIDENTIAL by the reporter, as the designating party may direct; or

b.    Within thirty (30) calendar days following receipt of the deposition transcript by providing written notice to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

All deposition transcripts not previously designated shall be treated as CONFIDENTIAL for a period of thirty (30) calendar days after receipt of the transcript, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to Paragraph 4, infra, to review documents or materials designated CONFIDENTIAL on behalf of that non-designating party.

Aside from professional translators and stenographic reporters, the designating party shall have the right to exclude the following persons from a deposition before the taking of testimony which the designating party designates as subject to this Protective Order, as to testimony and exhibits designated as CONFIDENTIAL, all persons except the deponent and counsel for the

5

deponent who agrees to be bound by this Protective Order; and any person authorized to receive disclosure under Paragraph 4, supra.

8.    Designation of Hearing Testimony or Argument.

With respect to testimony elicited and exhibits marked during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of Confidential Information that should be kept CONFIDENTIAL, counsel may designate on the record prior to such disclosure that it is CONFIDENTIAL. Whenever matter designated as CONFIDENTIAL is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may, with permission of the Court only, exclude from the room any person who is not entitled under this Protective Order to receive information designated as CONFIDENTIAL.

9.    Disclosure to Author or Recipient.

Notwithstanding any other provisions of this Protective Order, nothing herein shall prohibit counsel for a party from disclosing any document, whether designated as CONFIDENTIAL, to any person whom the document clearly identifies as the author or a recipient of such document and regardless of designation pursuant to this Protective Order, but only for the purposes set forth in Paragraph 3, infra. The person viewing such documents shall not be permitted to retain copies of any of the documents, unless that person is authorized to do so under other provisions of this Protective Order.

10.    Designation of Documents Under Seal.

Any Confidential Information designated CONFIDENTIAL, if filed with the Court, shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by this Protective Order. The party filing any paper that reflects, contains, or

includes any Confidential Information subject to this Protective Order shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, and the legend CONFIDENTIAL – FILE UNDER SEAL PURSUANT TO PROTECTIVE ORDER OF THIS COURT.

At the conclusion of this action, any materials filed with the Court under seal shall be kept under seal or be returned to the party filing it for disposition as provided for in Paragraph 18, infra.

11.    Confidentiality of Party's Own Documents.

No person may disclose any Confidential Information, except as provided in this Protective Order; but nothing herein shall affect the right of a party to disclose Confidential Information which it designated as CONFIDENTIAL to its officers, directors, employees, consultant, or experts, or to any non-party. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of this Protective Order.

12.    Preparation of Witness and Exhibit Designation.

Any party may mark any Confidential Information designated as CONFIDENTIAL as an exhibit to a deposition, hearing, or other proceeding and examine any witness who is not otherwise prohibited from viewing such material thereon, provided the exhibit and related transcript pages receive the same type of confidentiality designation as the original document.

13.    Other Protections; Challenge to Confidentiality Designation.

This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of Confidential Information, or other discovery material as such party may consider appropriate.

No party shall be precluded from: (a) claiming that any Confidential Information is not entitled to the protections of this Protective Order; (b) applying to the Court for an order permitting a disclosure or use of Confidential Information otherwise prohibited by this Protective Order; or (c) applying for an order modifying this Protective Order in any respect. No party shall be obligated to challenge the propriety of any confidentiality designation, and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

14.     Prior or Public Knowledge.

The restrictions and obligations set forth herein relating to documents and things marked CONFIDENTIAL shall not apply to any information which the parties agree in writing, or if they are unable to agree, the Court determines: (a) was or becomes public knowledge other than as a result of disclosure by the receiving party; or (b) has come or shall come into the receiving party's lawful possession independently of the producing party.    Such restrictions and obligations shall not be deemed to prohibit discussions with any person about any documents or things marked CONFIDENTIAL if that person already had or obtained lawful possession thereof other than pursuant to this Protective Order. Nothing in this Protective Order shall affect or restrict use or disclosure of documents or things obtained other than through discovery pursuant to this Protective Order.

15.     Limitation of Protective Order.

This Protective Order does not preclude any party from seeking further relief or protective orders form the Court as may be appropriate under the Federal rules of Civil Procedure or other applicable law.

8

16.   <u>Non-Party Confidential Information</u>.

The terms of this Protective Order shall be applicable to CONFIDENTIAL information obtained from a non-party, and such information produced in connection with this action shall be protected by the provisions of this Protective Order. Such a non-party shall have: (a) the same right as a party to designate any such information under this Protective Order; and (b) standing to enforce the terms of this Protective Order with respect to disclosure and use of that non-party's designated information.

In addition, if any such non-party is under an obligation of confidentiality to a party ("Obliging Party"), the Obliging Party may designate any such information as CONFIDENTIAL. Any other party ("Requesting Party") obtaining any materials from such a non-party shall provide immediate and simultaneous access to the information to the Obliging Party. The Obliging Party shall have ten (10) calendar days to notify the Requesting Party of the status of the materials. In the interim, any materials obtained from such a non-party by the Receiving Party shall be treated by the Receiving Party as if designated CONFIDENTIAL. The Obliging Party may request that the Receiving Party label and number such materials according to the designation and provide a copy of the labeled and numbered materials to the Obliging Party, the Receiving Party may produce its set of non-party materials to the Obliging Party and the Obliging Party will, within five (5) business days, label and number the materials according to the designation and provide a copy of the labeled and numbered materials to the Receiving Party. Any party who receives from a non-party Confidential Information that has not been designated CONFIDENTIAL may itself designate the Confidential Information as CONFIDENTIAL pursuant to the provisions of this Protective Order.

17.     Compulsory Service from a Non-party.

If a party in possession of Confidential Information designated CONFIDENTIAL is served with a valid subpoena, document request, interrogatories or other compulsory process from a non-party to this Protective Order seeking production or other disclosure of such designated information, such party ("Subpoenaed Party") shall give prompt written notice to counsel for the party who designated the Confidential Information as CONFIDENTIAL ("Designating Party"), in no more than five (5) business days after receipt of the request, identifying the designated information sought and enclosing a copy of the subpoena, request, or interrogatory. The Subpoenaed Party shall make timely objections to the production of the designated information, including by referencing the existence of this Protective Order, and the Designating Party may intervene without opposition from the Subpoenaed Party to object to the production of the designated information. Unless and until such objections are overruled by the Court, or the Court otherwise orders production of the designated information, the Subpoenaed Party shall not produce or divulge the contents of the designated information. Nothing herein shall be construed as requiring the Subpoenaed Party, or any party, to challenge or oppose any court order requiring production of the designated information, or subject itself to the risk of sanctions or penalty arising from non-compliance with any such legal process or court order.

18.     Return of Designated Information.

Within thirty (30) days following final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return all Confidential Information designated as CONFIDENTIAL, including all copies (whether in the possession of the party, counsel, experts, or non-parties), extracts and summaries thereof, to the party from whom the such designated Confidential Information was obtained,

10

except that any documents or copies which contain or constitute attorney's work product may be retained by counsel, or destroyed.

     19.    Privileged Information.

The inadvertent production of any privileged information shall not be deemed a waiver or impairment of any claim or privilege or protection afforded to the privileged information. Upon receiving written notice from the producing party that privileged information has been inadvertently produced, the receiving party shall immediately return all such privileged information, and all copies thereof, to the producing party. Such return shall be without prejudice to, and does not waive, any claim by the returning party that the returned document(s) are not protected by a privilege, provided, however, that nothing contained in the returned document(s) shall be used by the returning party to establish the alleged lack of privilege.

     20.    Waiver or Termination of Protective Order.

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by the written stipulation executed by counsel of record for each designating party, or by an order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further order of this Court.

     21.    Modification of Protective Order; Prior Agreements.

This Protective Order may be modified, and any matter related to it may be resolved by written stipulation of the parties subject to approval of the Court.

     22.    Continuing Jurisdiction.

This Protective Order is ongoing and shall survive termination of this lawsuit. This Court shall retain jurisdiction to enforce this Protective Order even after termination of this lawsuit.

23.    Paragraph Captions.

The Title Captions for each paragraph of this Protective Order are for convenience only, and are not intended to affect or alter the text of the paragraphs or the substance of the Protective Order.

Dated: 12-3-010, 2010

HONORABLE HENRY E. AUTREY,
UNITED STATES DISTRICT COURT JUDGE